UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Rarity Shireme Abdulla,<br><br>       Plaintiff,<br><br>v.<br><br>Brian Marsden,<br><br>       Defendant. | Case No. 16-cv-3630 (DSD/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

Plaintiff Rarity Shireme Abdulla, a prisoner, commenced this action by filing a complaint seeking relief under 42 U.S.C. § 1983 from his former defense attorney, Defendant Brian Marsden.  He did not pay the filing fee for this case, but instead filed an application seeking leave to proceed *in forma pauperis* ("IFP").  [Doc. No. 2.]  In an Order dated November 3, 2016, this Court ordered Abdulla to pay an initial partial filing fee of $94.80 before proceeding with this action.  [Doc. No. 3.]  Abdulla has since paid the required initial partial filing fee, and this matter is now again before the Court on review of Abdulla's IFP application.

After review of the IFP application, this Court concludes that Abdulla qualifies financially for IFP status.  That said, an IFP application will be denied, and the action will be dismissed, when an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).  In reviewing whether a

complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Abdulla raises a variety of allegations against Marsden, his former criminal defense attorney, including that Marsden (1) provided ineffective assistance of counsel during the course of Abdulla's criminal trial, (2) took money from Abdulla without performing adequate services, (3) defamed Abdulla during his closing statement, and (4) discriminated against Abdulla on account of his race.[1] Each of these claims is brought purportedly under § 1983. Generally, "[o]nly state actors can be held liable under Section 1983." *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008) (quotation omitted). Marsden, who was retained by Abdulla to serve as defense counsel

---

[1] This Court has considered the allegations in both the complaint itself and in the addendum to the complaint filed by Abdulla on November 23, 2016. [Doc. No. 5.]

2

at trial [*see* Doc. No. 5 at 1], is a private actor, not a state actor.[2] "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999). None of the allegedly unlawful actions taken by Marsden involved joint action with the state or with public actors. Rather, even if the allegations against Marsden are true, his actions are merely the personal misconduct of a private individual. Abdulla cannot maintain a § 1983 action against Marsden based on the allegations in the complaint.

Because he is proceeding pro se, Abdulla is entitled to a liberal construction of his pleading. Although each of Abdulla's claims is brought pursuant to § 1983, some of the allegations—for example, that Marsden did not perform adequate work for the money paid, or that Marsden made derogatory statements about Abdulla at trial—more naturally sound in state law, such as claims for defamation, legal malpractice, or fraud. But the complaint does not establish a basis for the Court's original jurisdiction over such claims. Because no federal question is presented by these state-law claims, 28 U.S.C. § 1331 cannot supply original jurisdiction. Nor has Abdulla included allegations showing that he and Marsden are citizens of different states such that 28 U.S.C. § 1332 may be invoked.

---

[2] Even if Marsden had been appointed by the State of Minnesota to represent Abdulla and Marsden performed that function poorly, this alone would not be enough to transform Marsden into a state actor for purposes of § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981).

Finally, the Eighth Circuit has instructed courts to not exercise supplemental jurisdiction over state-law claims under 28 U.S.C. § 1367 where, as recommended here, all federal claims are dismissed prior to trial.  *See Hervey v. Cty. of Koochiching*, 527 F.3d 711, 726-27 (8th Cir. 2008).

In short, Abdulla's federal-law claims are not viable, and the Court lacks original jurisdiction (and should not exercise supplemental jurisdiction) over the state-law claims. Accordingly, it is recommended that the federal-law claims be dismissed with prejudice, while the state-law claims be dismissed without prejudice.

Based on the foregoing and all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. The federal-law claims be **DISMISSED WITH PREJUDICE.**

    b. The state-law claims be **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

2. Abdulla's application to proceed *in forma pauperis* [Doc. No. 2] be **DENIED**.

3. Abdulla be ordered to pay the unpaid balance of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the

Clerk of Court provide notice of this requirement to the authorities at the institution where Abdulla is confined.

Dated: November 29, 2016        s/ *Hildy Bowbeer*
                                HILDY BOWBEER
                                United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.